UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-201 |
| FREDERICK TAYLOR | SECTION: G |

**ORDER AND REASONS**

Before the Court is Defendant Frederick Taylor's ("Taylor") "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[1] After considering the motion, the memorandum in support, the memorandum in opposition, the record, and the applicable law, the Court has determined that this matter can be decided without an evidentiary hearing. Accordingly, for the reasons that follow, the Court denies the motion.

**I. Background**

On June 8, 2012, Taylor was charged in a 16-count superseding indictment.[2] Count One charged Taylor with conspiracy to possess with intent to distribute 100 grams or more of heroin.[3] Count Sixteen charged Taylor with use of a communications facility in furtherance of a drug trafficking crime.[4]

On January 10, 2013, Taylor pleaded guilty to the conspiracy charge.[5] In connection with his guilty plea, Taylor entered into a plea agreement with the Government pursuant to Federal Rule of

---

[1] Rec. Doc. 222.

[2] Rec. Doc. 18.

[3] *Id.*

[4] *Id.*

[5] Rec. Doc. 82.

1

Criminal Procedure 11(c)(1)(C).[6] Under the plea agreement, the Government agreed (1) not to pursue a sentence enhancement under Title 21, United States Code, Section 851; (2) to move to dismiss Count 16 of the indictment at the time of sentencing; and (3) that Taylor timely accepted responsibility for his offense under Section 3E1.1 of the Sentencing Guidelines and was therefore entitled to a three-point reduction in offense level.[7] In exchange for his guilty plea, Taylor waived his right to appeal his conviction or sentence, except that he reserved the right to bring a direct appeal of any sentence above the statutory maximum.[8] In addition, Taylor waived his right to contest his conviction or sentence in any collateral proceeding, including under 28 U.S.C. § 2255, except if he established that ineffective assistance of counsel directly affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.[9]

Prior to sentencing, the United States Probation Officer issued a Presentence Investigation Report ("PSR").[10] On April 18, 2013, the Court conducted a sentencing hearing.[11] The parties made no objection to the statements made in the PSR, and the Court adopted the statements as its findings of fact.[12] The Court found that Taylor's total offense level was 31 and his criminal history category was VI, resulting in a guideline range of 188 to 235 months imprisonment.[13] The Court sentenced Taylor

---

[6] Rec. Doc. 75.

[7] *Id.* at 2.

[8] *Id.* at 3.

[9] *Id.*

[10] Rec. Doc. 109.

[11] Rec. Doc. 219.

[12] *Id.* at 2–3.

[13] *Id.* at 4–5.

to 110 months imprisonment, which represented a downward variation from his guideline range.[14]

## II. Parties' Arguments

*A. Taylor's Motion*

On April 10, 2014, Taylor filed a timely motion to vacate his sentence.[15] First, Taylor argues that his defense counsel was ineffective.[16] He asserts that his counsel failed "to dispute/argue/address issues in the Presentence Report and/or to object to the Presentence Report in its fullest."[17] According to Taylor, his criminal history category was increased by three points based on a prior conviction that was over 15 years old.[18] Taylor argues that his 1997 conviction for possession with intent to distribute counterfeit controlled substances should not have been considered in determining his criminal history category because the conviction was more than 15 years old.[19] He also contends that his counsel failed to object to a two-level specific offense characteristic, which increased his base offense level from 26 to 28, pursuant to U.S.S.G. § 2D1.1(b)(12).[20] Taylor asserts that facts used to enhance his sentence must be submitted to the jury and found beyond a reasonable doubt.[21] Accordingly, Taylor contends that his

---

[14] *Id.* at 10–11.

[15] Rec. Doc. 222. The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The Clerk of Court filed Taylor's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" on April 23, 2014, when it was received. Taylor dated his signature on the motion April 10, 2014.

[16] Rec. Doc. 222 at 4, 15–18.

[17] *Id.* at 17.

[18] *Id.*

[19] *Id.* at 17–18 (citing U.S.S.G. § 4A1.1).

[20] *Id.*

[21] *Id.* (citing *Apprendi v. New Jersey*, 530 U.S. 466, 477 (2000)).

3

counsel's ineffective performance resulted in "an unconstitutional and/or illegal sentence."[22]

Second, Taylor argues that his due process rights were violated because his sentence is illegal and unconstitutional.[23] He contends that his "Sixth Amendment right to have a jury determine any fact that increased his sentence, was violated when [his] sentence was increased by a two levels [sic] to enhance [his] sentence by the Honorable Judge presiding rather than found by a jury beyond a reasonable doubt."[24] He asserts that any fact that "increases the penalty of an offense is an element that must be alleged on the Indictment and therefore must be submitted to the jury and found beyond a reasonable doubt."[25] Taylor argues that his sentence was enhanced by two levels, resulting in a base offense level of 28.[26] He contends that this enhancement resulted in "an illegal and/or unconstitutional sentence enhancement that violated [his] due process."[27]

### B. The Government's Opposition

On May 22, 2014, the Government filed a memorandum in opposition to Taylor's motion.[28] It asserts that Taylor's arguments are without merit.[29] The Government argues that Taylor waived these claims in his plea agreement.[30] It notes that the plea agreement limits Taylor's right to bring a 28 U.S.C.

---

[22] *Id*.

[23] *Id*. at 5, 19.

[24] *Id*. at 19 (citing *In re Winship*, 397 U.S. 358 (1970)).

[25] *Id*. (citing *Alleyne v. United States*, 133 S.Ct. 2151 (2013)).

[26] *Id*.

[27] *Id*.

[28] Rec. Doc. 233.

[29] *Id*. at 4.

[30] *Id*.

4

§ 2255 motion in two specific instances: "1) asserting ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself or 2) in the event he was sentenced above the statutory maximum."[31] The Government asserts that "Taylor expressly waived any other claims that his attorney was unconstitutionally ineffective, including the instant assertion that his counsel was ineffective for failing to object to his sentencing guidelines."[32] Further, the Government argues that "even if Taylor had not waived his right to bring these types of claims via § 2255, challenging the application of the Sentencing Guidelines is not a cognizable ground for relief in a § 2255 proceeding."[33] Accordingly, the Government contends that Taylor's motion should be denied without an evidentiary hearing.[34]

*C. Taylor's Response*

On June 26, 2014, Taylor requested that the Court grant him an additional "thirty to forty-five days" to file a reply to the Government's memorandum in opposition.[35] On August 12, 2014, the Court granted Taylor an additional 45 days to file a reply.[36] However, no reply was ever filed.

### III. Law and Analysis

A federal prisoner may move to vacate, set aside, or correct his sentence based on four grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess

---

[31] *Id*. (citing Rec. Doc. 75).

[32] *Id*. (citing *United States v. Bell*, 2011 U.S. Dist. LEXIS 83643, *11 (E.D. La. 2011)).

[33] *Id.* at 5 (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996); *United States v. Faubion*, 19 F.3d 226 (5th Cir. 1994)).

[34] *Id*.

[35] Rec. Doc. 239.

[36] Rec. Doc. 250.

5

of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack."[37] "The scope of relief under § 2255 is consistent with that of the writ of habeas corpus."[38] Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice."[39]

An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief,"[40] or the prisoner fails to show any "independent indicia of the likely merit of [his] allegations."[41] The prisoner must establish his claims by a preponderance of the evidence.[42] If the court determines that the prisoner is entitled to relief, "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[43]

## A. *Waiver of Appeal Rights*

Taylor raises two claims in the present motion: (1) he argues that his defense counsel was ineffective in failing to fully object to the Presentence Investigation Report; (2) he asserts that his due process rights were violated because his sentence is illegal and unconstitutional. The Government

---

[37] 28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

[38] *Id*.

[39] *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

[40] 28 U.S.C. § 2255(b).

[41] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006); *see also United States v. Smith*, 915 F.2d 959, 964 (5th Cir.1990) ("If the record is clearly adequate to dispose of the allegations, the court need inquire no further.").

[42] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir.1980).

[43] 28 U.S.C. § 2255(b).

argues that Taylor waived his right to raise both of these claims in post-conviction relief in his plea agreement.

As part of a plea agreement, a defendant may waive his statutory right to appeal and to seek post-conviction relief under 28 U.S.C. § 2255.[44] In considering the validity of an appeal waiver, the Fifth Circuit conducts a two-step inquiry examining: "(1) whether the waiver was knowing and voluntary, and (2) whether, under the plain language of the agreement, the waiver applies to the circumstances at issue."[45] It is the responsibility of the district court "to insure that the defendant fully understands his right to appeal and the consequences of waiving that right."[46]

Here, the evidence indicates that Taylor's plea and waiver were both knowing and voluntary. Taylor's signed plea agreement contains an express waiver of his right to appeal or seek post-conviction relief under Section 2255.[47] In addition, during Taylor's rearraignment the Court summarized the indictment, noted the maximum terms of imprisonment under the statute and specifically questioned Taylor about his appeal waiver. The Court asked the Assistant United States Attorney to explain the terms of the plea agreement, and Taylor confirmed that he understood the terms of the plea agreement and had reviewed it with his lawyer. Taylor stated that he understood he was waiving his right to appeal, except under the limited circumstances outlined in the plea agreement. Taylor acknowledged that his attorney had advised him of his appeal rights and the effect of waiving his appeal rights. The

---

[44] *United States v. Harrison*, 777 F.3d 227, 233 (5th Cir. 2015). *See also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

[45] *Id.*

[46] *United States v. Gonzalez*, 259 F.3d 355, 357 (5th Cir. 2001) (quoting United States v. Baty, 980 F.2d 977, 979 (5th Cir. 1992)).

[47] Rec. Doc. 75 at 3.

Court specifically confirmed that Taylor understood the terms and conditions of the plea agreement and that he had not been induced or persuaded to plead guilty because of any promises or threats made by anyone. Taylor's attorney stated he was satisfied that Taylor was pleading guilty voluntarily, understandingly and with full knowledge of the consequences of his plea.

Taylor's "[s]olemn declarations in open court carry a strong presumption of verity."[48] By contrast, Taylor has provided no evidence that he did not understand the consequences of his actions. The Court finds that Taylor fully understood the waiver of his right to appeal and the waiver of his right to file post-conviction motions when his plea was accepted. Accordingly, the Court finds that Taylor has waived his claim that his due process rights were violated because his sentence is illegal and unconstitutional.

However, a defendant's waiver of appeal in a plea agreement "may not be enforced against a section 2255 petitioner who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary."[49] "[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."[50] If the plea and waiver were knowing and voluntary and the issue challenged on appeal is properly subject to waiver, "the guilty plea sustains the conviction and sentence and the waiver can be enforced."[51] Taylor has presented no evidence or argument to suggest that his attorney's failure to object to the Presentence Investigation Report affected the validity of his waiver of appeal and

---

[48] *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

[49] *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002) (citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)).

[50] *Id.* at 343.

[51] *Id.* at 343–44.

8

collateral challenge rights or the validity of the guilty plea. Accordingly, the Court finds that Taylor has also waived his ineffective assistance of counsel claim. Alternatively, even if Taylor did not waive these claims, for the reasons that follow, the Court finds Taylor's claims without merit.

## *B. Ineffective Assistance of Counsel*

Taylor argues that his defense counsel was ineffective in failing to fully object to the Presentence Investigation Report.[52] To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[53] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[54]

To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[55] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[56] Courts addressing this prong of the test for ineffective assistance of counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[57]

To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[52] Rec. Doc. 222 at 15–18.

[53] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[54] *Id.* at 697.

[55] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[56] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[57] *See Strickland*, 466 U.S. at 689.

different."[58] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[59] As courts determine whether this prong is satisfied, they must consider "the relative role that the alleged trial errors played in the total context of [the] trial."[60]

The Supreme Court has recognized that a criminal defendant has a Sixth Amendment right to counsel during sentencing, stating that "[e]ven though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'"[61]

Taylor argues that his defense counsel's performance was ineffective at sentencing because he failed to object to the inclusion of Taylor's 1997 conviction for possession with intent to distribute counterfeit controlled substances in determining his criminal history.[62] He also contends that his counsel failed to object to a two-level specific offense characteristic, pursuant to U.S.S.G. § 2D1.1(b)(12), for maintaining a premises for the purpose of manufacturing or distributing a controlled substance.[63] The Court will address each of these arguments in turn.

### 1. Failure to Object to the Calculation of Taylor's Criminal History Category

Here, Taylor argues that his counsel erred in failing to object to the inclusion of his 1997 conviction for possession with intent to distribute counterfeit controlled substances in determining criminal history category because the conviction was more than 15 years old. The PSR assigned three

---

[58] *Id*. at 694.

[59] *Id*.

[60] *Crockett*, 796 F.2d at 793.

[61] *Lafler v. Cooper*, 132 S.Ct. 1376, 1385–86 (quoting *Glover v. United States*, 531 U.S. 198, 203–04 (2001)).

[62] Rec. Doc. 222 at 17–18 (citing U.S.S.G. § 4A1.1).

[63] *Id*. at 18.

criminal history points for a September 3, 1997 conviction for possession with intent to distribute a counterfeit controlled substance, where Taylor was sentenced to three years imprisonment.[64]

"Section 4A1.2 of the Sentencing Guidelines establishes the general procedure for computing criminal history."[65] U.S.S.G. § 4A1.2(e)(1) provides:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

Here, Taylor was convicted of possession with intent to distribute a counterfeit controlled substance on September 3, 1997.[66] He was sentenced to three years imprisonment, which was suspended, and three years probation.[67] On November 26, 1997, his probation was revoked and he was sentenced to two years imprisonment.[68] On October 16, 1998, he was released on parole.[69] His parole was later revoked on August 18, 1999, and reinstated on January 8, 2000.[70] Taylor was indicted for the instant offense on June 8, 2012.[71] Accordingly, assigning criminal history points to the September 3, 1997 conviction was proper because Taylor was incarcerated for a prior sentence of imprisonment exceeding one year and one month within fifteen years of the commencement of the instant offense. Therefore,

---

[64] Rec. Doc. 109 at 14–15.

[65] *United States v. Munoz-Garcia*, 533 F. App'x 364, 366 (5th Cir. 2013).

[66] Rec. Doc. 109 at 14.

[67] *Id.*

[68] *Id.*

[69] *Id.*

[70] *Id.*

[71] Rec. Doc. 18.

11

the Court finds that Taylor has not shown that his counsel performed deficiently by failing to object to the inclusion of the September 3, 1997 conviction in computing Taylor's criminal history.

### 2. Failure to Object to the Two-Level Specific Offense Characteristic

Taylor also argues that his counsel failed to object to the two-level specific offense characteristic, which increased his base offense level from 26 to 28, pursuant to U.S.S.G. § 2D1.1(b)(12), for maintaining a premises for the purpose of manufacturing or distributing a controlled substance.[72] Taylor asserts that facts used to enhance his sentence must be submitted to the jury and found beyond a reasonable doubt.[73] U.S.S.G. § 2D1.1(b)(12) provides that an offense level shall be increased by two levels where the defendant "maintained a premises for the purpose of manufacturing or distributing a controlled substance." The Fifth Circuit has held that this definition includes premises used for "the storage of a controlled substance for the purpose of distribution."[74] Application Note 17 to U.S.S.G. § 2D1.1(b) provides that among the factors the Court should consider in determining whether the defendant "maintained" the premises are: "(a) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (b) the extent to which the defendant controlled access to, or activities at, the premises."

U.S.S.G. § 1B1.3 defines relevant conduct for purposes of determining specific offense characteristics. Pursuant to U.S.S.G. § 1B1.3, the applicability of specific offense characteristics is determined on the basis of "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable acts and omissions of others in furtherance of the jointly

---

[72] *Id.*

[73] *Id.* (citing *Apprendi v. New Jersey*, 530 U.S. 466, 477 (2000)).

[74] *United States v. Deubler*, 583 F. App'x 385, 386 (5th Cir. 2014).

12

undertaken criminal action that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for the offense.

The Court finds that a there were admissions in the factual basis establishing that Taylor, together with his co-defendants, maintained the premises at 1229 South Genois Street for the purpose of distributing a controlled substance. In pleading guilty to the conspiracy, Taylor and his attorney signed the factual basis. The factual basis states the following facts: (1) "[t]he defendants ran their drug distribution enterprise from two main buildings located in the 'Gert Town' area of New Orleans;" (2) one of the buildings located at 1229 South Genois Street "was used to securely store drug related materials;" (3) "[i]mportantly, as evidence of the collective and organized drug activities of the defendants, they shared a key to the building;" (4) "in short, all of the defendants acted in concert to possess and maintain these critical structures and area to further their drug distribution conspiracy."[75] Therefore, the Court finds that the addition of the 2-point specific offense characteristic to the offense level was appropriate in this case, and Taylor has not shown that his counsel performed deficiently by failing to object to the its inclusion in computing Taylor's Guideline range.

*C. Sentence*

Taylor argues that this Court misapplied the Sentencing Guidelines in sentencing him. The Fifth Circuit has held that "[a] district Court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255."[76] For the reasons discussed above, the Court finds that Taylor has not presented any error in this Court's application of the Guidelines to his case. Moreover,

---

[75] Rec. Doc. 76 at 2.

[76] *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

even if the Court erred in its technical application of the Guidelines, such a claim does not give rise to a constitutional issue cognizable under Section 2255.

### D. Entitlement to an Evidentiary Hearing

Section 2255(b) requires the Court to "grant a prompt hearing" on any motion filed under its auspices, "[u]nless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief." For the reasons stated above, the Court finds that the motion, files and record of the case conclusively show that Taylor is entitled to no relief. Accordingly, the Court finds that an evidentiary hearing is not warranted here.

### IV. Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that Taylor's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  15th  day of December, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**